UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| PHILIMINGO LAMONT YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-00157-SEB-TAB |
| | ) |
| FURNITURE DISCOUNTERS, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING PLAINTIFF'S
MOTION TO SET ASIDE/VACATE JUDGMENT [DKT. 44]**

On May 6, 2019, this Court adopted Magistrate Judge Baker's Report and Recommendation, [Dkt. 41], on Defendant's Motion for Sanctions, [Dkt. 26.] Plaintiff was ordered to reimburse Defendant for attorney fees and to supplement his responses to interrogatories and requests for production. [Dkt. 42]. This cause is now before the Court on Plaintiff's Motion to Set Aside/Vacate Judgment, [Dkt. 44], in which Plaintiff seeks to vacate the sanctions against him

For the reasons set forth herein, Plaintiff's motion is **denied.**

## Discussion

Plaintiff *pro se* initiated this civil rights action on January 19, 2018, alleging that his employer, Furniture Discounters, Inc., had discriminated against him on the basis of his race. [Dkt. 1]. On January 29, 2019, Defendant filed its First Motion for Sanctions (or in the Alternative to Compel Production). [Dkt. 26.] Defendant argued that Plaintiff was

1

untimely in his litigation and discovery duties. For example, Plaintiff had not provided his initial disclosures nor filed his preliminary witness and exhibit lists in the timeframe contemplated by the Case Management Plan. Defendant also argued that Plaintiff's responses to Defendant's interrogatories and requests for production were "severely lacking" because he had failed to identify if there were any relevant documents that had once been in his possession but no longer were; provide copies of all exhibits he intended to produce as trial; produce communications between Plaintiff and Defendant's representatives; and more [Dkt. 27].

Additionally, Plaintiff was evasive in his deposition on December 29, 2018, which was also the final day for fact discovery. At his deposition, Plaintiff proclaimed he had "a thousand" emails between himself and representatives of Defendant that had been withheld despite specific discovery-based interrogatories aimed at eliciting such information. Plaintiff also stated that he had failed to provide relevant evidence to the Indiana Civil Rights Commission. However, Plaintiff refused to identify or discuss the details of this information. Plaintiff then stated that he had also withheld this same information in the present case. Again, he refused to discuss what the information entailed and began to grow hostile, informing defense counsel that he was "about finished" and counsel would "be asking questions to an empty chair." When questioned if he had intentionally concealed the information, Plaintiff attempted to explain that he "just came across it."

Upon further questioning, Plaintiff declared he "was done." Defense counsel informed Plaintiff that Defendant would seek sanctions for attorney fees if he terminated

the deposition before the completion of questions, to which Plaintiff replied, "Have a good day." Following the deposition, Plaintiff (untimely) produced twenty-four pages of documents.

Plaintiff's noncompliance prompted Defendant to file its Motion for Sanctions on January 29, 2019, in which it requested that Plaintiff's complaint be dismissed. In the alternative, Defendant sought an order requiring Plaintiff to fully respond to its discovery requests, to sit for a deposition after the documents had been produced, and pay for Defendant's fees incurred in preparing for the deposition and filing the Motion for Sanctions.

On April 15, 2019, following a hearing on Defendant's Motion for Sanctions in which Plaintiff failed to appear, Magistrate Judge Baker issued his Report and Recommendation on Defendant's motion. [Dkt. 41]. Magistrate Judge Baker found that Plaintiff had either failed to file/serve items required by the Case Management Plan or filed/served them late, and had provided incomplete responses to Defendant' requests for production and interrogatories. "Most troubling," said Magistrate Judge Baker, was Plaintiff's unilateral termination of his deposition.

Magistrate Judge Baker concluded it "would be within the Court's discretion to dismiss the action," but, because Plaintiff is proceeding *pro se* and had not wholly ignored his discovery obligations, lesser sanctions would be the more appropriate remedy. Accordingly, he recommended that the Court order Plaintiff to reimburse Defendant its costs ($2250) incurred as a result of Plaintiff's misconduct. He also recommended ordering Plaintiff to supplement his inadequate responses to Defendant's

discovery requests; specifically, interrogatory nos. 3 and 13, and requests for production nos. 2 and 6. Judge Baker recommended that the matter be dismissed should Plaintiff fail to comply with these terms.

The parties were afforded due opportunity pursuant to statute and the rules of this Court to file objections to Magistrate Judge Baker's Report and Recommendation; none were filed. On May 6, 2019, having carefully considered Magistrate Judge Baker's findings and recommendations, we adopted his Report and Recommendation. Plaintiff was ordered to reimburse Defendant $2250 and supplement his responses to Defendant's interrogatories and requests for production within 30 days. We warned Plaintiff that his failure to comply with the terms of the Order would result in his case being dismissed with prejudice. Still, Plaintiff failed to comply, and, on June 11, 2019, Defendant filed its Notice of Non-Compliance. Defendant stated that the 30-day timeframe had expired, but that Plaintiff had not reimbursed Defendant or supplemented the discovery responses. [Dkt. 43]. Accordingly, Defendant sought dismissal of this action.

The next day, June 12, 2019, Plaintiff filed his Motion to Set Aside/Vacate Judgment. [Dkt. 42]. Plaintiff states that he moved in January 2019 following a separation with his spouse, resulting in a delay of his receipt of Defendant's Motion for Sanctions that prevented him from timely objecting. Plaintiff also argues that Defendant improperly moved for sanctions without making reasonable efforts to resolve the issues with Plaintiff, per our local rule 7.1(g)(1). Plaintiff claims that Defendant did not contact him to reschedule the deposition, and that he had no indication that his discovery responses were lacking until Magistrate Judge Baker's Report and Recommendation.

4

Finally, Plaintiff reminds the Court he is proceeding *in forma pauperis* and asserts that he does not have the means to reimburse Plaintiff.[1]

However, as argued by Defendant, the record does not reflect Plaintiff's rendition of the litigation, and importantly, the record does not support his contention that he was not afforded an ample opportunity to object to Defendant's Motion for Sanctions. Defendant's motion was filed on January 29, 2019. The parties, including Plaintiff, attended a telephonic settlement conference on February 1, 2019, where the motion, and specifically Plaintiff's alleged failure to produce his discovery and complete his deposition, was discussed. In the conference, Plaintiff was advised that he was to respond to the Motion for Sanctions by February 15, 2019, should he wish to object to the allegations therein. The deadline came and went without a response from Plaintiff until February 19, 2019, when he requested a seven-day extension. [Dkt. 34]. Magistrate Judge Baker granted the request and then some, providing Plaintiff an additional twenty-one days to respond. [Dkt. 38]. Still, no response was filed.

The record before us clearly undermines Plaintiff's assertion that he was unaware of the grounds for Defendant's Motion for Sanctions as well as his argument that he was not afforded an ample opportunity to respond. As Magistrate Judge Baker stated in his Report and Recommendation, while Plaintiff was not obligated to object to the Motion

---

[1] Plaintiff also attacks Defendant' discovery responses as fraudulent. However, whether and to what extent Defendant has improperly completed discovery is not relevant to the current question of whether the sanctions should be imposed against Plaintiff for his misconduct. Plaintiff's arguments that Defendant has provided fraudulent discovery responses is thus disregarded.

for Sanctions, his failure to respond or appear at the hearing on the motion waived any right he had to challenge the merits of Defendant's contentions, which are now taken as true. [Dkt. 41].

With that, we reject Plaintiff's argument that his change in residency could serve as an adequate reason to vacate the sanctions. Aside from the fact that Plaintiff was obviously notified of Defendant's motion, Plaintiff never apprised the Court or Defendant of any change of address until this present motion. All litigants, even those proceeding *pro se*, have a duty to "maintain[] a current address with this Court" as well as a duty to monitor the docket. Plaintiff "cannot hide behind his [] own neglect by failing to provide an effective means of contact regarding the case." *United States v. $9,171.00 United States Currency*, No. 1:16-CV-00483-TWP-MJD, 2019 WL 2996930, at *1 (S.D. Ind. June 21, 2019), *report and recommendation adopted*, 2019 WL 2995319 (S.D. Ind. July 9, 2019). Moreover, his filings in February 2019 continued to feature the same address he had been using throughout the litigation.[2]

We also disagree with Plaintiff's assertion that Defendant violated local rules by failing to make "reasonable efforts" to resolve the dispute before moving for sanctions. Throughout Plaintiff's deposition, defense counsel's questions were met with evasiveness and hostility from Plaintiff, coupled with Plaintiff's threats to leave. Defense counsel repeatedly sought to continue his questioning and in no implicit terms warned Plaintiff

---

[2] Plaintiff's current mailing address remains unclear. He states that he is "not currently living in the home" and includes a new address in his signature, but he does not state if this reflects a permanent change in his mailing address.

that Defendant would seek sanctions if Plaintiff refused to participate in the deposition. Defense counsel's attempts to complete the deposition were unsuccessful; Plaintiff refused to answer questions and unilaterally terminated his deposition. Given defense counsel's efforts within the deposition and the fair warning to Plaintiff that sanctions would be sought, we hold that reasonable efforts were made. Defendant need not have continued to exhaust efforts before moving for sanctions.

Finally, we address Plaintiff's claim that the sanctions against him should be vacated because he is proceeding *in forma pauperis* and unable to pay the monetary sanctions. The Seventh Circuit has warned against dismissing an action because of such plaintiffs' inability to pay monetary sanctions. *Williams v. Adams*, 660 F.3d 263, 265 (7th Cir. 2011) ("[A] plaintiff's inability to pay a monetary sanction imposed in a civil lawsuit should not automatically justify the alternative sanction of dismissal.").[3] Thus, district courts should explore alternative sanctions to deter plaintiffs such as this one from neglecting their duties or obstructing the progress of the litigation.

An appropriate alternative includes ordering the disobedient party to complete his or her litigation duties and warn that the failure to do so will result in dismissal. *See Secrease v. W. & S. Life Ins. Co.,* 800 F.3d 397, 402 (7th Cir. 2015); *Muhammad v. City of Chicago*, 637 F. App'x 232, 234 (7th Cir. 2016). And, in the event the noncompliance

---

[3] Although we refrain from dismissing this action because of Plaintiff's inability to pay the monetary sanctions at this time, we reject Plaintiff's argument that his inability to pay warrants vacating these sanctions in their entirety. A possible judgment or settlement in Plaintiff's favor, for example, could alter his financial situation. If such circumstances were to occur, the award would be offset by the money owed to Defendant. *See Williams v. Adams*, 660 F.3d at 266.

persists, the district court's remaining deterrent is, indeed, dismissal. *Id.* Here, in addition to ordering monetary sanctions, we issued such alternative sanctions: we ordered Plaintiff to complete certain discovery obligations within 30 days or face the dismissal of his case with prejudice. As far as the Court is aware, Plaintiff has failed to complete his discovery duties despite having been ordered to do so and duly warned that his failure to do so would result in the dismissal of his lawsuit. Plaintiff has not advanced any persuasive justification as to why he has failed to fulfill these obligations, and his inability-to-pay defense cannot account for his disregard of these duties. His disobedience has rendered our non-monetary sanctions powerless and proven that dismissal is the only effective sanction. *Id.*

While dismissal is well within our discretion, we recognize the severity of this sanction and use it with caution, particularly when targeted at a *pro se* plaintiff. We thus afford Plaintiff one last opportunity to complete the discovery obligations outlined in our May 6, 2019 Order. He shall do so within **fourteen days** following entry of this Order. We stress to Plaintiff that his failure to do so will result in the dismissal of this action with prejudice. This is his *final* opportunity to remedy his discovery wrongs.

## CONCLUSION

Plaintiff's Motion to Set Aside/Vacate Judgment, [Dkt. 44], is **denied.** Plaintiff is ordered to supplement his responses to interrogatory nos. 3 and 13 and request for production nos. 2 and 6 within **fourteen days** of this Order. If Plaintiff fails to do so, this case shall be dismissed with prejudice.

Plaintiff is also ordered confirm his current mailing address within **ten days** of this Order and to report any future changes of address within **ten days** of any change. If Plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

In the event Plaintiff becomes financially able to pay the monetary sanctions imposed in our May 6, 2019 Order, Plaintiff is ordered to furnish the sum forthwith.

The clerk is directed to mail of copy of this Order to Plaintiff at the mailing address provided in his Motion to Vacate/Set Aside Judgment as well as the address on file with the Court. [Dkt. 44].

IT IS SO ORDERED.

Date: 1/7/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

PHILIMINGO LAMONT YOUNG
8036 Barksdale Way
Indianapolis, IN 46216

PHILIMINGO LAMONT YOUNG
8939 E. 38th Street, Suite 4
Indianapolis, IN 46226

Eric N. Allen
ALLEN WELLMAN MCNEW HARVEY LLP
ena@awmh.net

Thomas S. Bowman
ALLEN WELLMAN MCNEW HARVEY LLP
tsb@awmh.net