UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PHILIMINGO LAMONT YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-00157-SEB-TAB |
| | ) |
| FURNITURE DISCOUNTERS INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER DIRECTING FINAL JUDGMENT**

Plaintiff *pro se* initiated this civil rights action on January 19, 2018, alleging that his former employer, Furniture Discounters, Inc., had discriminated against him on the basis of his race. [Dkt. 1]. For the reasons set forth herein, Plaintiff's lawsuit must be dismissed with prejudice because of his repeated refusals to participate in discovery and abide by court orders.

**Discussion**

Plaintiff's conduct throughout this litigation has been derelict at best and intentionally obdurate at worst. No matter how one views Plaintiff's prosecution (or lack thereof) of his claims, his inattentiveness has reached a point of inexcusability that mandates dismissal.  We shall carefully recount Plaintiff's failures in advance of dismissal of his lawsuit to make sure our grounds for doing so are clearly spelled out to him.

We begin our recapitulation of the relevant portions of the docket with Defendant's Motion for Sanctions (or in the Alternative to Compel Production), filed on January 29, 2019, [Dkt. 29], wherein Defendant raised Plaintiff's failure to comply with his discovery obligations. Plaintiff had not provided his initial disclosures nor filed his preliminary witness and exhibit lists within the timeframe set out in the Case Management Plan. Defendant also argued that Plaintiff's responses to Defendant's interrogatories and requests for production were "severely lacking" given his failure to identify any relevant documents that had once been in his possession but no longer were; to provide copies of all exhibits he intended to produce at trial; to produce copies of communications between himself and Defendant's representatives; and more. [Dkt. 27].

Additionally, Defendant complained that Plaintiff had been evasive in his answers to deposition questions on December 29, 2018, which was also the final day for fact discovery. At his deposition, Plaintiff stated that he had "a thousand" emails between himself and representatives of Defendant that had all been withheld despite specific discovery-based interrogatories aimed at discovering such information. Plaintiff also admitted that he had failed to provide relevant evidence to the Indiana Civil Rights Commission. However, despite this limited disclosure, Plaintiff refused to identify or discuss the details of any of this information to the ICRC.  Plaintiff stated that he also had withheld this same information in the present case.  He refused to discuss the specifics of this information and grew hostile to defense counsel's requests, declaring, "You'll get it when you get [it]," and informing him that he was "about finished," and, because he was about to depart, counsel would "be asking questions to an empty chair." When questioned

if he had intentionally concealed the information, Plaintiff attempted to explain without elaboration that he "just came across it."

After further questioning, Plaintiff declared that he "was done." Defense counsel informed him that, if he terminated the deposition by leaving before the completion of questions, Defendant would seek sanctions in the form of attorney fees, to which Plaintiff replied, "Have a good day."  Sometime following the deposition, Plaintiff (untimely) produced twenty-four pages of documents.

Plaintiff's noncompliance prompted Defendant, pursuant to Federal Rule of Civil Procedure 37, to file its Motion for Sanctions on January 29, 2019, in which it requested that Plaintiff's complaint be dismissed.  In the alternative, Defendant sought an order requiring Plaintiff to fully respond to its discovery requests, to sit for a deposition after the documents had been produced, and to pay for Defendant's attorneys' fees incurred in preparing for the deposition and filing the Motion for Sanctions.

On April 15, 2019, following a hearing on Defendant's Motion for Sanctions at which Plaintiff failed to appear, Magistrate Judge Baker issued his Report and Recommendation on Defendant's motion. [Dkt. 41]. Magistrate Judge Baker found that Plaintiff had either failed to file/serve items required by the Case Management Plan or filed/served them late, and had provided incomplete responses to Defendant's requests for production and interrogatories. "Most troubling," said Magistrate Judge Baker, was Plaintiff's unilateral termination of his deposition.

Magistrate Judge Baker concluded that it "would be within the Court's discretion to dismiss the action," but, because Plaintiff is proceeding *pro se* and had not wholly

ignored his discovery obligations, lesser sanctions would be the more appropriate remedy. Accordingly, Magistrate Judge Baker recommended that the Court order Plaintiff to reimburse Defendant its costs incurred as a result of Plaintiff's misconduct ($2250). He also recommended that Plaintiff be ordered to supplement his inadequate/incomplete responses to Defendant's discovery requests, specifically, interrogatory nos. 3 and 13, and requests for production nos. 2 and 6.[1] Magistrate Judge Baker further recommended that should Plaintiff fail to comply with these terms, the matter be dismissed.

The parties were afforded the required opportunity pursuant to statute and the rules of this Court to file objections to Magistrate Judge Baker's Report and Recommendation; none were filed. On May 6, 2019, having carefully considered Magistrate Judge Baker's findings and recommendations, we adopted his Report and Recommendation. Plaintiff was ordered to pay Defendant $2250 as reimbursement of fees and to supplement his responses to Defendant's interrogatories and requests for production within 30 days. We admonished Plaintiff that his failure to comply with the requirements of the Order would

---

[1] Interrogatory no. 3 provided: "Please identify and describe in complete and specific detail each and every exhibit that you will attempt to introduce at a deposition, hearing, or at trial, stating the date of its creation, name and address of its author or creator, the name and address of the person currently having possession of the original copy of such exhibit, and the complete contents of such exhibit." Interrogatory no. 13 asked Plaintiff to: "Identify with particularity all records, photographs, artifacts or other documents which you intend to offer into evidence at a trial of this cause." Request for production no. 2 asked for "a copy of all exhibits Plaintiff intended to produce at trial." Finally, request for production no. 6 sought "all communications between Plaintiff and any of Defendant's representatives, including text messages and e-mails."

likely result in his case being dismissed with prejudice. Still, Plaintiff failed to comply, and, on June 11, 2019, Defendant filed with the Court its Notice of Non-Compliance, stating that the 30-day time period had expired, but that Plaintiff had not reimbursed Defendant or supplemented the discovery responses. [Dkt. 43]. Accordingly, Defendant sought dismissal of this lawsuit.

The next day, June 12, 2019, Plaintiff filed a Motion to Set Aside/Vacate Judgment, [Dkt. 42], requesting that we vacate the sanctions order entered against him. Plaintiff stated that he had moved his residence in January 2019 following a separation from his spouse, which caused a delay in his receipt of Defendant's Motion for Sanctions and prevented him from timely objecting. Plaintiff also argued that Defendant improperly moved for sanctions without making reasonable efforts to resolve the issues with Plaintiff, as required by our local rule 7.1(g)(1). Plaintiff further claimed that Defendant has not contacted him to reschedule the deposition, and that he had received no notice or other indication that his discovery responses were lacking.[2]

On January 27, 2020, we denied Plaintiff's Motion to Vacate, finding that:

> [T]he record does not reflect Plaintiff's rendition of the litigation, and importantly, the record does not support his contention that he was not afforded an ample opportunity to object to Defendant's Motion for Sanctions. Defendant's motion was filed on January 29, 2019. The parties, including Plaintiff, attended a telephonic settlement conference on February 1, 2019, where the motion, and specifically Plaintiff's alleged failure to produce his discovery and complete his deposition, was discussed. In the conference, Plaintiff was advised that he was to respond to the Motion for Sanctions by February 15, 2019, should he wish to object to the allegations therein. The deadline came and went without a response

---

[2] Plaintiff also attacked Defendant's discovery responses as "fraudulent." However, as the Court informed him at the time, whether and to what extent Defendant has improperly completed discovery is not relevant to our evaluation of Plaintiff's own misconduct.

> from Plaintiff until February 19, 2019, when he requested a seven-day extension. [Dkt. 34]. Magistrate Judge Baker granted the request and then some, providing Plaintiff an additional twenty-one days to respond. [Dkt. 38]. Still, no response was filed.
>
> The record before us clearly undermines Plaintiff's assertion that he was unaware of the grounds for Defendant's Motion for Sanctions as well as his argument that he was not afforded an ample opportunity to respond. As Magistrate Judge Baker stated in his Report and Recommendation, while Plaintiff was not obligated to object to the Motion for Sanctions, his failure to respond or appear at the hearing on the motion waived any right he had to challenge the merits of Defendant's contentions, which are now taken as true. [Dkt. 41].

 [Dkt. 47, at 5-6].

We also rejected Plaintiff's argument that his change in residency could serve as an adequate reason to vacate our Order. Aside from the fact that Plaintiff was obviously on notice of Defendant's motion, Plaintiff never apprised either the Court or Defendant of any change of address until he made such a representation in his Motion to Vacate. All litigants, even those proceeding *pro se*, have a duty to "maintain[] a current address with this Court" as well as a duty to monitor the docket. Plaintiff "cannot hide behind his [] own neglect by failing to provide an effective means of contact regarding the case." *United States v. $9,171.00 United States Currency*, No. 1:16-CV-00483-TWP-MJD, 2019 WL 2996930, at *1 (S.D. Ind. June 21, 2019), *report and recommendation adopted*, 2019 WL 2995319 (S.D. Ind. July 9, 2019). Moreover, his filings with the Court in February 2019 continued to list the same address as the one he had used throughout the litigation.[3]

---

[3] Plaintiff has now informed the Court that his marriage has been rekindled and thus his mailing address no longer requires updating.

Finally, we expressed our disagreement with Plaintiff's assertion that Defendant violated our local rules of court by failing to make "reasonable efforts" to resolve the dispute before moving for sanctions. Throughout Plaintiff's deposition, defense counsel's questions to him were met with evasiveness and hostility and impertinences from Plaintiff, coupled with Plaintiff's threats to walk out on the session. Defense counsel repeatedly sought to continue his questioning of Plaintiff, which included periodic warnings that Defendant would seek sanctions against Plaintiff if he continued to refuse to participate in the deposition. Defense counsel's attempts to complete the deposition were ultimately unsuccessful; Plaintiff's refusal to answer questions unilaterally terminated his deposition. Given defense counsel's efforts during the deposition along with the fair warning to Plaintiff that sanctions would be sought, we ruled that reasonable efforts had been made by defense counsel and notice given to Plaintiff of the consequence of his obduracy.

Notwithstanding the fact that our order of dismissal was a decision falling easily within our sound discretion,[4] we again acknowledged the severity with which this

---

[4] The Seventh Circuit has advised that ordering a *pro se* plaintiff to complete his or her litigation duties and warning that the failure to do so will result in dismissal is an appropriate sanction to deter such plaintiffs from neglecting their duties or obstructing the progress of litigate. *See Muhammad v. City of Chicago*, 637 F. App'x 232, 234 (7th Cir. 2016); *Secrease v. W. & S. Life Ins. Co.,* 800 F.3d 397, 402 (7th Cir. 2015). And, in the event the noncompliance persists, the district court's remaining deterrent is, indeed, dismissal. *Muhammad*, 637 Fed. Appx. at 232 (affirming district court's dismissal with prejudice following *pro se* plaintiff's repeated failures to answer interrogatories despite two court orders directing him to do so); *Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015) ("[A] court may dismiss a suit after the plaintiff has willfully refused to comply with discovery orders and the plaintiff has been warned that noncompliance may lead to dismissal.").

sanction falls, particularly when imposed on a *pro se* litigant. Accordingly, as set out in our January 7, 2020 Order:

> We [] afford Plaintiff one last opportunity to complete the discovery obligations outlined in our May 6, 2019 Order. He shall do so within **fourteen days** following entry of this Order. We stress to Plaintiff that his failure to do so will result in the dismissal of this action with prejudice. This is his *final* opportunity to remedy his discovery wrongs.

[Dkt. 47, at 8] (emphasis in original).

Despite this explicit directive to Plaintiff, on January 23, 2020, we received Defendant's notice that fourteen days had come and gone without Defendant's receipt of any supplemental discovery. Defendant, once again, requested that Plaintiff's claims be dismissed with prejudice, consistent with our prior threats.

Meanwhile, on January 22, 2020 and again on February 13, 2020, Plaintiff filed two "responses" in which he again proffers insufficient excuses for his failures to appropriately comply with his discovery obligations. Indeed, his only explanation, offered on the eve of dismissal, is that he has "about a thousand" e-mails and nearly three thousand text messages to gather, which he maintains will require "an extraordinary amount of time" to review in order to fully supplement his discovery responses. He does not dispute that he has failed to identify and produce to Defendant any of these withheld communications, nor does he express any intention to produce them in the immediate future.

Plaintiff's belated attempts to explain away his continued derelictions are unavailing, given the liberal, indeed, indulgent extensions of time he has been allowed by the Court and the many attempts by Defendant and the Court to resolve the outstanding

8

discovery issues which are primarily of Plaintiff's own making. Plaintiff initially was ordered to respond to Defendant's interrogatories and requests for production by July 6, 2018.  Not only did he fail to fully and accurately do so, he also obstructed the discovery process by interfering with the completion of his deposition.  His dismissive reply that he had in his possession "thousands" of material documents was an impertinent deflection of responsibility. Per the recommendation of the Magistrate Judge, we provided Plaintiff an opportunity to correct his discovery errors and missteps. However, he again failed to avail himself of that opportunity, choosing instead to interpose various meritless and untimely objections to our Order.  Notwithstanding his continued, flagrant disregard of our orders and his obligations as a litigant, in a final act of patient forbearance, the Court *again* offered Plaintiff one more opportunity to appropriately participate in discovery. Yet, so far as the record before us reflects, Plaintiff's willful failures persist. All told, Plaintiff has been granted an additional *eighteen months* within which to complete his discovery disclosures but still has failed to comply.  That is enough—more than enough, some would say.

      Plaintiff's lack of cooperation and continued obduracy have unnecessarily and unfairly squandered scarce judicial resources, absorbed the attentions and investments of Defendant, and unduly prolonged this dispute.  We are convinced that Plaintiff has through these actions clearly demonstrated a lack of a good faith in terms of his intention to comply with the Court's orders and to proceed with his case.  His dilatoriness and noncompliance and persistent failures to prosecute have brought about the dismissal of

his Complaint with prejudice, thereby depriving himself of any further opportunity to vindicate his rights that he claims were violated by his former employer.

## CONCLUSION

Accordingly, Plaintiff's lawsuit must and shall be **dismissed with prejudice** and final judgment shall now be entered.

IT IS SO ORDERED.

Date: 5/5/2020

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

PHILIMINGO LAMONT YOUNG
8036 Barksdale Way
Indianapolis, IN 46216

Eric N. Allen
ALLEN WELLMAN MCNEW HARVEY LLP
ena@awmh.net

Thomas S. Bowman
ALLEN WELLMAN MCNEW HARVEY LLP
tsb@awmh.net